UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

NEW ERA PROFESSIONAL PREP
SERVICES, LLC,

                  Appellant,

        v.

UNITY BANK, CHRISTINE H. BLACK,
and UNITED STATES TRUSTEE,

                  Appellees.

-------------------------------------------------------x

**MEMORANDUM AND ORDER**
23-CV-7595 (RPK)

RACHEL P. KOVNER, United States District Judge:

New Era Professional Prep Services, LLC, filed this appeal challenging an order of the United States Bankruptcy Court for the Eastern District of New York dismissing its Chapter 11 bankruptcy petition. The United States Trustee moved to dismiss the appeal as untimely. *See* Notice of Mot. to Dismiss (Dkt. #3). New Era has now filed an emergency motion "to stay the foreclosure sale" of real property that it owns, which is scheduled for tomorrow, December 10, 2024. Emergency Mot. for Order to Show Cause to Stay Foreclosure Sale ("Emergency Mot.") (Dkt. #9). Because New Era's underlying appeal was untimely filed in violation of Federal Rule of Bankruptcy Procedure 8002(a)(1), the United States Trustee's motion to dismiss this appeal is granted. New Era's stay motion is denied as moot.

## BACKGROUND

New Era filed a Chapter 11 bankruptcy petition on June 23, 2024. Chapter 11 Voluntary Pet., *In re New Era Pro. Prep Servs., LLC*, 24-BK-72446 (LAS) (Bankr. E.D.N.Y. June 23, 2024) ("Bankr. Dkt."), ECF No. 1. The company owns a piece of real property located at 330 Central Avenue, Deer Park, New York, which is subject to a judgment of foreclosure and sale dated April

1

3, 2024.  The property had been scheduled to be sold at a foreclosure sale on June 24, 2024—the day after New Era filed for bankruptcy.  *See* Affirm. in Supp. of Emergency Mot. ("Affirm.") ¶¶ 6, 24 (Dkt. #9-1); Emergency Mot., Ex. A (Dkt. #9-2).

On September 27, 2024, the bankruptcy court dismissed New Era's petition.  Order Granting Mots. to Dismiss, Bankr. Dkt. No. 33-1.  New Era filed a notice of appeal seeking review of that order thirty-two days later, on October 29, 2024.  *See* Emergency Mot., Ex. E (Dkt. #9-6); Notice of Appeal to District Ct., Bankr. Dkt. No. 41; Notice of Appeal from Bankr. Ct. (Dkt. #1).

The United States Trustee moved to dismiss that appeal because it was filed after the fourteen-day deadline to file a notice of appeal under Federal Rule of Bankruptcy Procedure 8002(a)(1).  The United States Trustee argued that this deadline is jurisdictional or, in the alternative, a mandatory claims-processing rule.  *See* Notice of Mot. to Dismiss; United States Trustee's Opp'n to Appellant's Mot. for Order to Show Cause ("Trustee Opp'n"), Ex. 2 at 4–7 (Dkt. #11).

On December 6, 2024, New Era filed an emergency motion "to stay the foreclosure sale" of the property at 330 Central Avenue.  *See* Emergency Mot.  New Era states that the sale is scheduled for tomorrow, December 10, 2024.  *Ibid.*  Both appellee Unity Bank and the United States Trustee oppose the motion, arguing, *inter alia*, that the stay request should be denied because New Era's underlying appeal is untimely.  Trustee Opp'n 1–2; Unity Bank's Opp'n to Appellant's Mot. for Order to Show Cause 8–9 (Dkt. #10).

The Court ordered New Era to show cause why the Court had jurisdiction over its appeal in light of its apparent untimeliness.  *See* Dec. 8, 2024 Order to Show Cause.  In response, New Era does not dispute that its appeal is untimely, but rather argues that the Court may "extend the time for the filing of an appeal on a showing . . . of 'excusable neglect,'" and that several

2

"unfortunate, unforeseen, an[d] unanticipated circumstance[s]" experienced by New Era's counsel show excusable neglect.  Resp. to Order to Show Cause ¶¶ 8–12 (Dkt. #12).

## DISCUSSION

The United States Trustee's motion to dismiss New Era's appeal is granted.  New Era's request that this Court issue a stay of a foreclosure sale in connection with New Era's appeal is accordingly denied as moot.

New Era's appeal is untimely because it was filed after the deadline in the Federal Rules of Bankruptcy Procedure, without New Era's having sought or received an extension from the bankruptcy court.  Appeals from bankruptcy court to federal district court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules."  28 U.S.C. § 158(c)(2).  Subject to exceptions not applicable here, Federal Rule of Bankruptcy Procedure 8002(a)(1) provides that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered."  Extensions are authorized only under limited circumstances: "the bankruptcy court may, on motion, extend the time to file a notice of appeal if the motion is filed . . . within 21 days after that time expires if the party shows excusable neglect," Fed. R. Bankr. P. 8002(d)(1)(B), but it may not "extend the time to file the notice [of appeal] if the judgment, order, or decree being appealed . . . grants relief from an automatic stay under § 362," Fed. R. Bankr. P. 8002(d)(2)(A).  This appeal is untimely under those principles.  New Era filed its appeal more than fourteen days after the bankruptcy court's order dismissing its bankruptcy petition.  And New Era never asked the bankruptcy court to extend the deadline for its appeal.  The bankruptcy rules would appear to prohibit such an extension in any event, because they do not allow extensions of the time to appeal an order granting relief from an

3

automatic stay. Fed. R. Bankr. P. 8002(d)(2)(A). An order dismissing a bankruptcy proceeding generally falls within that class. *See* 11 U.S.C. § 362(c)(2)(B); *Bullard v. Blue Hills Bank*, 575 U.S. 496, 503 (2015).

This Court lacks the authority to consider New Era's untimely appeal—whether the deadline in Bankruptcy Rule 8002(a)(1) is treated as jurisdictional or as a claims-processing rule. The Second Circuit has previously held that the filing deadline in Rule 8002(a) is jurisdictional—in which case the court plainly lacks authority to consider New Era's untimely appeal. *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005) (per curiam). While two courts of appeals have recently held that the deadline is *not* jurisdictional, *see In re VeroBlue Farms USA, Inc.*, 6 F.4th 880, 887 (8th Cir. 2021); *In re Tennial*, 978 F.3d 1022, 1028 (6th Cir. 2020), this Court must follow binding Second Circuit precedent "unless and until it is overruled in a precedential opinion by the Second Circuit itself or unless a subsequent decision of the Supreme Court so undermines it that it will almost inevitably be overruled by the Second Circuit," *United States v. Smith*, 489 F. Supp. 3d 167, 172–73 (E.D.N.Y. 2020) (quotation marks and citations omitted).

Even if New Era could avoid application of the Second Circuit's jurisdictional holding in *Siemon* by pointing to the Supreme Court's recent decisions on non-jurisdictional rules, *see, e.g.*, *Harrow v. Dep't of Def.*, 601 U.S. 480, 488–89 (2024), New Era's appeal would be untimely. A district court may equitably toll a non-jurisdictional, claims-processing deadline only if "the rule leaves room for such flexibility." *Nutraceutical Corp. v. Lambert*, 586 U.S. 188, 192 (2019). Accordingly, a court is "without authority to make exceptions merely because a litigant appears to have been diligent, reasonably mistaken, or otherwise deserving" if "the pertinent rule or rules invoked show a clear intent to preclude tolling." *Id.* at 192–93.

Here, at minimum, Rule 8002(a)(1) sets forth a mandatory claims-processing rule that this Court lacks the authority to extend. *See Tennial*, 978 F.3d at 1028; *VeroBlue Farms*, 6 F.4th at 887–88; *Netzer v. Off. of Law. Regul.*, 851 F.3d 647, 649 (7th Cir. 2017) ("[W]hether or not [Rule 8002(a)(1)] is 'jurisdictional' it is still a rule, and when invoked it must be enforced."). The statute and bankruptcy rule both speak in mandatory terms, providing that "[b]ankruptcy appeals '*shall* be taken in . . . the time provided by Rule 8002 of the Bankruptcy Rules,'" and "that an appeal '*must* be filed . . . within 14 days,'" *Tennial*, 978 F.3d at 1028 (first citing 28 U.S.C. § 158(c)(2); and then citing Rule 8002(a)(1)) (emphasis in *Tennial*). Moreover, the bankruptcy rules expressly address the circumstances under which extensions of the appeal-filing deadline may be granted, by providing that a bankruptcy judge may grant such extensions only if they are requested within a very short time frame, Fed. R. Bankr. P. 8002(d)(1), and if they relate to a limited class of orders, Fed. R. Bankr. P. 8002(d)(2). That delineation counsels strongly against reading the bankruptcy rules to implicitly allow extensions under other, never-described circumstances.

In sum, whether the deadlines in Rule 8002 are jurisdictional or mandatory claims-processing rules, this Court lacks the authority to alter or disregard them. Because New Era's appeal was not timely filed, the appeal is dismissed.

## CONCLUSION

The United States Trustee's motion to dismiss this appeal as untimely is granted. New Era's stay motion is denied as moot. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

                                              /s/ Rachel Kovner
                                              RACHEL P. KOVNER
                                              United States District Judge

Dated: December 9, 2024
       Brooklyn, New York